Carlos M. Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:    (671) 777-0581
Email:    cmakototaitano@taitano.us.com

*Attorney for Applicant*
*Jin Young Park*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | ) |
| | ) Case Number: 25-mc-80043-PCP |
| Jin Young Park, | ) |
| | ) [PROPOSED] **ORDER GRANTING** *EX* |
| Applicant. | ) *PARTE* **APPLICATION FOR ORDER** |
| | ) **PURSUANT TO 28 U.S.C. § 1782** |
| | ) **AUTHORIZING DISCOVERY FOR USE** |
| | ) **IN FOREIGN PROCEEDINGS** |
| | ) |
| | ) |
| | ) |

Having considered Applicant Jin Young Park's (hereinafter "**Applicant**") *ex parte* application for order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings and motion for administrative relief for clarification and decision on the applicant's *ex parte* application for order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings, the application is GRANTED for the reasons discussed below.

**A.  The Applicant Satisfies All of the Requirements of Section 1782.**

The Applicant satisfies all three requirements of Section 1782.

An office within this district or systematic and continuous local activities in this district satisfies the "resides or is found" requirement. *See, e.g., In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17,

Page **1** of 4

*[Proposed]* Order
*Case No. 25-mc-80043-PCP*

2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office); *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036-38 (N.D. Cal. 2016) (companies are found in a district where "they conduct systematic and continuous local activities in this district.").

Therefore, the first requirement is satisfied because X Corp. ("**X**") and TikTok Inc. ("**TikTok**") "resides or is found" in this district for the reasons that X maintains a mailing address in San Francisco, and offices in San Jose and Palo Alto, and TikTok maintains offices in Mountain View and San Jose, which are in this district. Dkt. No. 1-2, ¶¶ 6-9, Exs. 1-4.

The second requirement is satisfied because the discovery sought is for purposes of the Korean lawsuit that is pending in the Seoul Eastern District Court in the Republic of Korea. Dkt. No. 1-1, ¶¶ 19, 22-24; Dkt. No. 1-2, ¶¶ 5, 10, 17-20.

The third requirement is satisfied because the Applicant, as the plaintiff in the Korean lawsuit, is an interested person. Dkt. No. 1-1, ¶ 19; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants may be the most common example of interested persons). Therefore, the Applicant satisfies all of the requirements of Section 1782.

**B. The Supreme Court's *Intel* Factors Weigh in Favor of Granting the Application.**

The discretionary factors identified by the Supreme Court in *Intel* weigh in favor of granting the Application.

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. X and TikTok are outside the Republic of Korea's jurisdictional reach; hence, evidence available in the United States from X and TikTok is unobtainable by the Applicant absent Section 1782(a) aid. Dkt. No. 1-2, ¶ 21; *see Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

*[Proposed]* Order
Case No. 25-mc-80043-PCP

According to the evidence submitted by the Applicant, there are no known restrictions imposed by, or any policies under, the laws of the Republic of Korea limiting U.S. federal court judicial assistance, and courts in the Republic of Korea are receptive to assistance in discovery by United States federal courts, including for discovery of PII of individuals posting anonymous online statements. Dkt. No. 1-2, ¶¶ 22-23. Therefore, the second factor weighs in favor of authorizing discovery.

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Because there is nothing to suggest that the Applicant is attempting to circumvent foreign proof gathering restrictions or policies, the third factor weighs in favor of authorizing discovery.

The fourth and final *Intel* factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The request by the Applicant is narrowly tailored, is seeking only necessary relevant information, and is not unduly intrusive or burdensome, and, therefore, the fourth factor weighs in favor of authorizing discovery.

Having considered the four *Intel* factors, the Court in the exercise of its discretion, finds it appropriate to grant the application and authorize the requested discovery.

IT IS HEREBY ORDERED that:

1.     The Applicant's application is GRANTED;

2.     The Applicant is AUTHORIZED to issue and serve on X and TikTok subpoenas that are substantially similar to the proposed subpoenas attached to the application as Exhibits A and B;

3.     The Applicant shall serve a copy of this order and each authorized subpoenas on X and TikTok, as applicable;

*[Proposed]* Order
*Case No. 25-mc-80043-PCP*

4. No later than 10 days after service of the subpoenas, X and TikTok shall notify all account users whose personal identifying information is affected by the subpoenas that their identifying information is being sought by the Applicant;

5. X, TikTok, and each account user whose information is sought may file no later than 21 days after service or notice, as applicable, a motion to quash or modify the subpoenas; and

6. If no motion to quash or modify the respective subpoenas is filed within the time period prescribed above, X and TikTok, as applicable, shall disclose the information sought by the respective subpoenas within 3 days after the expiration of the prescribed time period.

Dated: _____May 8_____, 2025

By: _____
P. Casey Pitts
United States District Judge

Page **4** of **4**

*[Proposed]* Order
*Case No. 25-mc-80043-PCP*