J. Jonathan Hawk (SBN 254350)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
+1 310 277 4110
jhawk@mwe.com
Attorney for X Corp.

Carlos Makoto Taitano
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, GU 96932
(671) 777-0581
cmakototaitano@taitano.us.com
Attorney for Applicant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | Case No. 25-mc-80043-PCP |
| Jin Young Park, | **JOINT STIPULATION EXTENDING TIME** |
| Applicant. | |

Pursuant to Civil Local Rules 6-2 and 7-12, Applicant Jin Young Park ("Applicant") and Respondent X Corp. (collectively, the "Parties") hereby stipulate and agree as follows:

WHEREAS, on February 20, 2025, Applicant filed an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding ("Initial Application") (ECF No. 1);

1

JOINT STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND X CORP.'S DEADLINE
TO FILE MOTION TO QUASH

WHEREAS, the Initial Application sought permission from the Court to issue subpoenas to each of TikTok Inc. pertaining to an account on the TikTok platform, and a separate subpoena to X Corp. pertaining to a separate account on the X platform;

WHEREAS, on May 8, 2025, the Court issued its Order Granting *Ex Parte* Application For Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding, providing that "X . . . may file no later than 21 days after service or notice, as applicable, a motion to quash or modify the subpoenas." (ECF No. 8, at 4);

WHEREAS, on June 2, 2025, the Parties jointly stipulated (ECF 9) to extend X Corp.'s deadline to move to quash Applicant's subpoena, from June 2, 2025 to June 16, 2025, so that the Parties could discuss potential resolution of this matter without motion practice;

WHEREAS, on June 3, 2025, the Court granted that stipulation (ECF 10), extending X Corp.'s deadline to move to quash (if necessary) the subpoena to and including June 16, 2025;

WHEREAS, the Parties have since continued to discuss potential resolution of this matter, including that the purportedly defamatory posts by the anonymous user at-issue, i.e., the posts underlying Applicant's contemplated foreign proceeding for defamation, were made on the TikTok platform by a user of a TikTok account, *not* by an account on the X platform;

WHEREAS, Applicant has made clear that she believes the anonymous user behind the TikTok account that posted the at-issue content also maintains an account on the X platform, and that is the reason Applicant has subpoenaed information from X Corp. in efforts to identify who is behind the X account (albeit an account on X where no purportedly illegal content has been posted) in the event that she cannot identify the TikTok user;

WHEREAS, Applicant has made clear that—as reflected in the Court's Order (ECF 8), Applicant has directed its subpoena to TikTok Inc. as well, and that if TikTok Inc. ultimately produces information identifying the anonymous user behind the account on TikTok that posted that at-issue content, Applicant will have no need to pursue any such information from X Corp.;

WHEREAS, TikTok Inc.'s deadline to produce identifying information is currently June

JOINT STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND X CORP.'S DEADLINE TO FILE MOTION TO QUASH

16, 2025;

WHEREAS, X Corp. has expressed concerns regarding Applicant's efforts to unmask an anonymous user behind an X account that has *not* posted on the X platform any allegedly unlawful content, and that may not be the same person behind the at-issue TikTok account;

WHEREAS, Applicant and X Corp. agree that they would like to avoid motion practice that may ultimately prove to have been unnecessary if TikTok Inc. produces data identifying the user of the at-issue TikTok account;

WHEREAS, to allow time for Applicant to determine if she can withdraw her subpoena as against X Corp. as moot, i.e., if TikTok Inc. ultimately produces identifying information, the Parties have agreed, subject to the approval of the Court, to continue X Corp.'s deadline to move to quash the subpoena to two weeks after TikTok Inc.'s production deadline, to and including June 30, 2025;

WHEREAS, this requested extension will have no impact on the case schedule other than to extend X Corp.'s deadline to file a motion to quash (if any), and will potentially save significant Party and judicial resources by avoiding what may ultimately prove to be unnecessary motion practice;

WHEREAS, the Parties have previously sought only one extension of time from the Court as set forth above;

WHEREAS, this proposed extension of deadlines for X Corp. to file a motion to quash (if needed) is not sought for any improper purpose or delay, and this request is made in good faith;

WHEREAS, X Corp. has filed a declaration in support of this stipulation as required under Local Rule 6-2(a).

IT IS SO STIPULATED:

Dated:  June 16, 2025                                  **MCDERMOTT WILL & EMERY LLP**


By: *J. Jonathan Hawk_____*
     J. Jonathan Hawk
     *Attorney for X Corp.*

3

JOINT STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND X CORP.'S DEADLINE
TO FILE MOTION TO QUASH

IT IS SO STIPULATED:

Dated:  June 16, 2025                          By: *Carlos Makoto Taitano*_____
                                               Carlos Makoto Taitano
                                               *Attorney for Applicant Jin Young Park*

### FILER'S ATTESTATION OF CONCURRENCE

I, J. Jonathan Hawk, pursuant to Local Rule 5-1(h)(i), attest that I am counsel for Respondent X Corp. As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.

DATED: June 16, 2025                          Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:  *J. Jonathan Hawk*_____
     J. Jonathan Hawk

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____June 16_____, 2025          _____
                                          Honorable P. Casey Pitts
                                          United States District Judge

4

JOINT STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND X CORP.'S DEADLINE
TO FILE MOTION TO QUASH